### In the Matter of Ayoade ADEWOPO, Respondent.

#### No. 49S00–1308–DI–569.

Supreme Court of Indiana.

July 17, 2015.

*PUBLISHED ORDER APPROVING STATEMENT ·OF AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme

Court Disciplinary Commission and Respondent have submitted for approval a "Belated Statement of Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** On or about March 7, 2011, Respondent and his now ex-wife had a confrontation at the conclusion of a therapy appointment for their minor child. Respondent was convicted after a bench trial of Domestic Battery, a Class A misdemeanor, on May 26, 2011. Respondent failed to report his conviction within 10 days to the Commission. Respondent's conviction was affirmed by the Court of Appeals. *Adewopo v. State*, No. 41A05–1107–CR–380, 2012 WL 439417 (Ind.Ct. App. Feb. 13, 2012). The parties point to facts recited in that opinion indicating that Respondent pulled or pushed his now ex-wife to the ground, knocked her to the ground a second time, and then kicked her while she was on the ground.

The parties cite the following facts in mitigation: (1) Respondent has no prior disciplinary history; (2) Respondent was cooperative with the disciplinary process; (3) Respondent timely and successfully completed the terms of his probation; and (4) the underlying incident does not involve conduct taken in the course of Respondent's practice of law.

**Violations:** The parties agree that Respondent violated Indiana Professional Conduct Rule 8.4(b), which prohibits committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer. The parties agree further that Respondent violated Indiana Admission and Discipline Rule 23(11.1)(a)(2), by failing to notify the Commission of a guilty finding and by failing to transmit a certified copy of the guilty finding to the Commission within ten days of the finding.

**Discipline:** The parties propose the appropriate discipline is a suspension of 60 days with automatic reinstatement. The Court, having considered the submissions of the parties, now approves the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 60 days, beginning August 27, 2015.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the period of suspension, provided there are no other suspensions then in effect, Respondent shall be automatically reinstated to the practice of law, subject to the conditions of Admission and Discipline Rule 23(4)(c).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

All Justices concur.